MICHAEL W. FOSTER (State Bar No. 127691)
JILL A. SPRAGUE (State Bar No. 201584)
FOSTER EMPLOYMENT LAW
3000 Lakeshore Avenue
Oakland, California 94610
Telephone: (510) 763-1900
Facsimile:  (510) 763-5952
mfoster@fosteremploymentlaw.com

Attorneys for Defendant
LES SCHWAB TIRE CENTERS OF CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRCT OF CALIFORNIA

SACRAMENTO DIVISION

| BRANDON CHAMBERLAIN, | ) | Complaint filed: November 22, 2011 |
|---|---|---|
| Plaintiff, | ) | Case No. 2:11-CV-03105-JAM-DAD |
| vs. | ) | |
| LES SCHWAB TIRE CENTERS OF CALIFORNIA, INC., | ) | STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION |
| Defendant. | ) | |

   IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES TO THE ABOVE-ENTITLED ACTION, by and through their attorneys of record, that the Court may order the following procedures with respect to discovery in this action:

///

1

PDF created with pdfFactory trial version www.pdffactory.com

I.

PURPOSE OF THE STIPULATION AND PROTECTIVE ORDER

The parties wish to provide a means for limiting access to and disclosure of Confidential Information that is produced through discovery in this lawsuit.

II.

DEFINITION OF "CONFIDENTIAL"

"Confidential Information" is defined for purposes of the Stipulation and Protective Order as any type or classification of information which is designated as "Confidential" in this action, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, response to request for admission, or otherwise and includes, but is not limited to, the following:

a. Information of a non-public financial nature;

b. Personnel and employee information;

c. Information which would potentially impair the competitive position of defendant;

d. Information relating to the personnel policies of defendant;

e. Information relating to the organizational structure of defendant;

f. Information relating to the financial transactions of defendant;

g. Information relating to the customers and suppliers of defendant, including information regarding contracts, or work being performed pursuant to contracts, between defendant and its customers and suppliers; and

h. Information of a proprietary nature, including but not limited to trade secrets.

Nothing in Section II of this Stipulation and Protective Order shall be deemed a waiver of the right of any party to designate other information as Confidential Information.

III.

DESIGNATION OF CONFIDENTIAL INFORMATION

Any party may designate information as Confidential Information. The designation shall be made at a time when a response to an interrogatory or request for admission is served, when a document is produced, when inspection of premises or tangible things is made or at the time of

2

PDF created with pdfFactory trial version www.pdffactory.com

1  deposition, except as set forth below.

2       A.   Designation of documents: Documents may be designated as Confidential
3  Information by placing the word "Confidential" on each page.  In lieu of placing the word
4  "Confidential" on the original client document, any party may instead place the word "Confidential"
5  on that copy of the original document which is actually produced in this case.

6       B.   Designation of Deposition Testimony as "Confidential Information": Information
7  disclosed at a deposition may be designated as Confidential Information by either (a) indicating on
8  the record at the deposition that the testimony is Confidential Information and subject to the
9  provisions of this Order; or (b) notifying the opposing party in writing within thirty (30) calendar
10 days of the receipt of the transcript of those pages and lines or exhibits that contain Confidential
11 Information.  No deposition may be read by anyone other than the parties, attorneys for the named
12 parties, their retained experts and consultants, and the deponent until the time period specified above
13 has expired.  Upon being informed that certain portions of a deposition disclose Confidential
14 Information, the court reporter shall separately bind the appropriate pages and stamp "Confidential"
15 on each page, or if designated after the transcript has been prepared, each party must cause each
16 copy in their custody or control to be so marked immediately.  Notwithstanding the above, if any
17 party intends to publicly file and/or use at trial portions of a deposition transcript for which the 30-
18 day deadline specified above has not yet expired, the parties shall attempt in good faith to reach an
19 agreement shortening the deadline.

20      C.   Subsequent Designation: Information disclosed at a deposition may be designated as
21 Confidential Information after the 30-day deadline specified above only under the following
22 circumstances:

23           (i)   Persons to whom such information has been disclosed must be advised
24 in writing of the new designation;

25           (ii)  The new designation applies only as of the date and time of receipt of
26 notice by each person so notified; and

27           (iii) Persons to whom such information has been disclosed shall not be responsible
28 for any disclosure to third parties occurring before receipt of notice described in paragraph III(C)(i).

PDF created with pdfFactory trial version www.pdffactory.com

D.  Designation of Computer Media:  Any Confidential Information produced on discs or other computer-related media ("Confidential Discs") may be designated as Confidential Information by labeling each Confidential Disc as "Confidential" prior to production.  In the event a party generates any "hard copy" or printout from any Confidential Discs, such party must immediately stamp each page "Confidential," and the hard copy or printout shall be treated as Confidential Information.

E.  Designation of Discovery Responses:  Information contained in interrogatory responses or responses to requests for admission may be designated as Confidential Information by placing the word "Confidential" on the appropriate response.

F.  Subsequent Designation:  Documents, Confidential Discs or Discovery Responses may be designated as Confidential Information pursuant to (A), (D), and (E) above, after they have been produced without having been so designated, only under the following circumstances:

(i)  Persons to whom such documents, responses or Confidential Discs have been disclosed must be advised in writing of the new designation;

(ii)  The new designation applies only as of the date and time of receipt of notice by each person so notified;

(iii)  Persons to whom documents, responses or Confidential Discs have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in paragraph III(E)(i); and

(iv)  Persons to whom such documents, Confidential Discs or testimony have been disclosed must be provided with another copy of the documents, responses, or computer Discs that bears the appropriate confidential designation.

IV.

PERSONS TO WHOM CONFIDENTIAL INFORMATION MAY BE DISCLOSED

A.  Information Designated "Confidential":  Except as may be otherwise provided by further order of the Court, information designated "Confidential" shall be disclosed only to:  (i) the parties to this lawsuit, and officers and employees of the parties; (ii) the parties' attorneys, including "inside" and "outside" counsel, and their support staff, investigators, legal assistants, agents and

PDF created with pdfFactory trial version www.pdffactory.com

employees; (iii) experts and consultants retained by the parties or their attorneys; (iv) the judiciary specific to this litigation, its employees and its agents, including jurors; (v) court reporters specific to this litigation, their transcribers, assistants, and employees; and (vi) testifying witnesses in this action.

  B. <u>Disclosure Pursuant to Consent</u>:  Confidential Information may also be disclosed to anyone so authorized by the prior written consent of all of the parties hereto.  In the event that agreement cannot be reached, the party seeking access to Confidential Information shall apply to the Court for relief from this Order.

  C. <u>Disclosure of Confidential Transcripts to the Deponent</u>:  Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of those portions of the transcript containing Confidential Information.

  D. <u>Exception</u>:  If a document designated as Confidential refers to events or information of which a potential witness has knowledge, the parties' attorneys may discuss such events or information with the witness without revealing that such documents exists, its author, or its source. This paragraph is not intended as a waiver of any legal or ethical restrictions on attorney communications with witnesses.

  E. Individuals and entities identified above, including experts, consultants and deponents (other than jurors, the judiciary, its employees and agents) shall have access to Confidential Information only after being informed by the disclosing attorney of the provisions of this Stipulation and Protective Order, agreeing to be bound by it, and executing the attached Promise of Confidentiality, before disclosure is made.

V.

LIMITED USE AND DISCLOSURE

Confidential Information shall be used or disclosed by the party and persons to whom it is disclosed solely for purposes of and only to the extent reasonably necessary to prosecute or defend <u>this action</u>.  Confidential Information shall <u>not</u> be used or disclosed by such party or persons for any other purpose, unless specifically agreed to in writing by all parties to this action or as authorized by

5

PDF created with pdfFactory trial version www.pdffactory.com

further order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Order to receive it.

## VI.

## FILING CONFIDENTIAL INFORMATION WITH THE COURT

If a party desires to file documents or other materials designated as "Confidential" with the Court, they must first confer with the other party as to whether the other party desires to continue to preserve the confidentiality of the documents or materials at issue. If either party desires to continue to preserve such confidentiality, then the party who desires to file the documents or other materials with the Court must move the Court for permission to file the documents under seal and explain to the Court why the party or parties desire that the material be maintained under seal. The party or parties must show good cause why any such documents or other materials should be maintained under seal. In any circumstance in which the Court permits a portion of a document to be filed under seal, the party filing the documents must also file a public-record version that includes the entire filing except for the portions that are being filed under seal.

Both parties agree that an election not to seek an order placing specific documents under seal does not constitute a waiver of this Stipulation and Protective Order. Furthermore, any documents which the Court declines to order sealed do not lose their status as Confidential Information as a result thereof.

## VII.

## COPIES, EXTRACTS AND SUMMARIES

This Stipulation and Protective Order shall apply to copies, extracts and summaries of documents, discs or deposition testimony designated as Confidential Information.

## VIII.

## RETURN OF CONFIDENTIAL INFORMATION

Upon the final disposition (including any appeal, writ, review or rehearing) of the action, each document previously designated as Confidential Information, and any copies thereof, shall be returned to and/or made available for retrieval by, the party who made the designation (or the party's agent), upon request and within 30 days of such request. As to retrieving documents designated as

PDF created with pdfFactory trial version www.pdffactory.com

Confidential Information from the Court, each party agrees not to refuse to provide written authorization to the other, if requested, in order to allow the Court to release said documents back to the designating party.

In addition, within sixty (60) days of final termination of this litigation, either party may file a motion requesting that any attorney work-product documents which incorporate or reference particular Confidential Information produced by the opposing party pursuant to this Protective Order be: (1) destroyed; (2) redacted to delete all references to the Confidential Information; and/or (3) sealed for a specified period of time and subsequently destroyed. The Court shall retain jurisdiction after termination of this action to hear any such motion and to enforce any order or ruling issued in connection with such a motion.

IX.

OBJECTION TO DESIGNATION AND MODIFICATION

If any party believes that a document or other information, which has been designated as Confidential, should not properly be treated as Confidential Information within this Protective Order, that party must notify the disclosing party of its disagreement with the Confidential designation within 10 days of receiving the designation. Counsel for the parties will then endeavor to reach an agreement regarding the status of that document or information. If no agreement can be reached, the party seeking to designate the document or other material as Confidential shall bear the burden of justifying the designation by seeking a Court Order. Until the Court resolves the motion, the document or information will be treated as Confidential Information subject to the terms of this Protective Order. Further, any party may apply to the Court for an order permitting disclosure of Confidential Information other than as set forth herein, or apply for an order modifying or limiting any designation or otherwise modifying this Stipulation and Protective Order in any respect.

Neither the entry of this Order, nor the designation of any information or documents as Confidential Information or failure to make such designation, shall constitute evidence or an admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of Confidential Information. Moreover, nothing in this Stipulation and Protective Order shall be construed to require any party to disclose to any other party any Confidential

PDF created with pdfFactory trial version www.pdffactory.com

Information, or to prohibit any party from refusing to disclose Confidential Information to any other party. Nothing in this stipulation shall be construed as limiting or extinguishing a party's right to object to the admissibility of any of the contents of documents produced or obtained but designated Confidential.

## X.
### PARTY'S OWN INFORMATION

The restrictions on the use or disclosure of Confidential Information established by this Stipulation and Protective Order are applicable only to the use or disclosure of Confidential Information by the recipient of such information so designated by another person or party. A designating person or party is free to do whatever it desires with documents, information, and other things which it produces for the other party, irrespective of any designation of those documents or that information as Confidential Information.

## XI.
### SURVIVAL OF OBLIGATION

The obligations created by this Stipulation and Protective Order shall survive the termination of this action unless otherwise modified by the Court. This Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Stipulation and Protective Order and to make such amendments and modifications to this Order as may be appropriate.

IT IS SO STIPULATED.

Dated: May 11, 2012                FOSTER EMPLOYMENT LAW

By:_____
Jill A. Sprague
Attorneys for Defendant Les Schwab Tire Centers of California, Inc.

Dated: May __, 2012                CHURCH STATE COUNCIL

By:_____
Alan J. Reinach
Attorneys for Plaintiff Brandon Chamberlain

8

FOSTER employmentlaw
3000 Lakeshore Avenue
Oakland, California 94610

PDF created with pdfFactory trial version www.pdffactory.com

///

## **ORDER**

GOOD CAUSE APPEARING, IT IS SO ORDERED.


Dated:   May 15, 2012                                    /s/ John A. Mendez
                                                         The Honorable John A. Mendez
                                                         U. S. District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com

PROMISE OF CONFIDENTIALITY

I, _____, have been provided with "Confidential Information" in connection with the case of BRANDON CHAMERLAIN v. LES SCHWAB TIRE CENTER OF CALIFORNIA, INC. I have read and understand the provisions of this Stipulation and Protective Order in this case, and agree to be bound by the Stipulation and Protective Order.

Dated: _____      By:_____

**FOSTER**employmentlaw
3000 Lakeshore Avenue
Oakland, California 94610

10

PDF created with pdfFactory trial version www.pdffactory.com