# FOSTER employment law

July 23, 2012

*Via U.S. Mail and Email*

Alan Reinach
Church State Council
2686 Townsgate Rd.
Westlake Village, CA 91359

      **RE:**    **Chamberlain v. Les Schwab Tire Centers of California, Inc.**
               U.S. District Court, Eastern District of California
               Case No.: 2:11-CV-03105-JAM-DAD

Dear Mr. Reinach:

     I am writing to follow up on your client's deposition testimony from Monday, July 16, 2012. Mr. Chamberlain made some very serious admissions during his deposition which we believe carry severe consequences. Specifically, he admitted to conduct that subjects him to criminal liability as well as significant sanctions as follows:

Illegally Recording Private Conversations

     Mr. Chamberlain admitted that he recorded his conversations with Dan Dollarhide and Dan Miller without their permission. He testified that he did not seek their permission because he knew what he was doing was wrong. The California Penal Code § 632 provides as follows:

> 632. (a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

Moreover, Mr. Chamberlain is specifically liable to Mr. Dollarhide pursuant to § 637.2:

637.2. (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
(1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages, if any, sustained by the plaintiff.
(b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).
(c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

In addition to criminal sanctions, Mr. Chamberlain's illegal conduct warrants the exclusion of the evidence he obtained as a result of recording Mr. Dollarhide and Mr. Miller. Accordingly, we intend to ask the court to exclude any evidence of Mr. Chamberlain's interactions with these witnesses.

Spoliation of Evidence

In addition to admitting to illegally recording his conversations, Mr. Chamberlain admitted that he had both the recording and the transcript of the recording at the time he discussed his case with you. Throughout discovery, however, he has maintained that he no longer has either of these pieces of critical evidence.

Federal courts have recognized a party's duty to preserve evidence when it knows or reasonably should know the evidence is relevant and when prejudice to an opposing party is foreseeable if the evidence is destroyed. *World Courier v. Barone,* 2007 U.S. Dist. LEXIS 31714 (N.D. Cal. Apr 16, 2007). A court may levy sanctions for spoliation of evidence when the party knew or reasonably should have known that the destroyed evidence was potentially relevant to the claim. *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993). Sanctions for spoliation of evidence may be imposed under the court's inherent powers, or, alternatively, if the spoliation violates a court order, under FRCP 37(b).

The Court has discretion in awarding sanctions for spoliation of evidence, which can include an instruction of adverse inference against the party responsible for destroying the evidence, exclusion of witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence, and/or dismissal of the case.

We believe that, at the very least, Mr. Chamberlain will be sanctioned for spoliation and precluded from introducing *any* evidence of his conversations with Dan Dollarhide and Dan Miller. The exclusion of this evidence is fatal to Mr. Chamberlain's already weak claims – indeed, he is left only with the facts that he was offered and turned down a job with an accommodation for the Sabbath in Utah; he advised Bryan Weast that he was not comfortable with an alignment position

July 23, 2012
Page 3 of 3

and therefore was not offered a position in Grass Valley; and he did next to nothing else to seek another position with Les Schwab that would accommodate his religion. Specifically, he did not contact anyone in HR, he did not contact *any* other stores in his area (not even the store in the town where he lived), and he did not attempt to obtain contact information for managers of out of state stores to which he applied – in fact, his testimony makes it clear that he never really intended to take a job outside of California.

Committing Perjury During Deposition

Finally, Mr. Chamberlain admitted that he lied during the first day of his deposition when he testified that he had not made any recordings of his conversations with Dan Dollarhide and other witnesses. Perjury is a criminal offense and an affront to our judicial system. Courts have the inherent authority to impose sanctions for bad faith conduct during discovery. This, in combination with the more specific power of the courts to dismiss an action in whole or in part as a sanction for abuse of the discovery process pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, provide a strong argument for dismissal of this suit in its entirety due to plaintiff's commission of perjury.

Be advised that Les Schwab intends to move for all available sanctions as a result of Mr. Chamberlain's conduct, and will seek its attorney's fees in doing so. I hope that you will share this information with your client and that he seriously considers voluntarily dismissing this action.

FOSTER EMPLOYMENT LAW

Very truly yours,

Jill A. Sprague