UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHAMBERLAIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LES SCHWAB TIRE CENTER OF CALIFORNIA, INC.,<br><br>　　　　Defendant. | No.  2:11-cv-03105-JAM-DAD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS IN PART AND DENYING IN PART** |

This matter is before the Court on Les Schwab Tire Center Of California, Inc.'s ("Defendant") Motion for Terminating and Monetary Sanctions (Doc. #11). Plaintiff Brandon Chamberlain ("Plaintiff") opposes the motion (Doc. #16) and Defendant replied (Doc. #18).[1]  For the reasons set forth below, Defendant's motion is granted in part and denied in part.

///

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 7, 2012.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff filed his complaint on November 22, 2011, alleging religious discrimination (Doc. #1). Plaintiff, a former employee of Defendant, was laid off in November 2009, when the Defendant closed the shop where Plaintiff worked. When Defendant announced the closing of the store in September 2009, it encouraged the employees working at that store to contact other stores in the chain to find another position.

Plaintiff alleges that he was not hired by another store in the chain because he could not work on Saturdays due to his religious observation of the Sabbath. In support of his claim, Plaintiff refers to three conversations that he had with Defendant's employee, Dan Dollarhide, who managed a local store for Defendant. The three conversations occurred on October 2, 15, and November 20, 2009.

On the first day of Plaintiff's deposition, he was asked about these conversations. He testified that after his November 20th conversation with Mr. Dollarhide, he took notes, which he thought he lost, but did nothing else. Deposition of Brandon Chamberlain, Doc #11, ("Chamberlain Dep.") at 111:25-112:1. During the second day of deposition, he testified that he recalled the November 20th conversation in detail because he recorded the conversation with an MP3 player. Id. at 207:7-21. Moreover, he also testified that once his conversation with Mr. Dollarhide ended, the MP3 player remained on and he recorded his conversation with Dan Miller, another employee for Defendant. Id. at 218:17-21. The recording of these two conversations was deleted by Plaintiff's son. Id. at 213:10-13.

1              II. OPINION

2      A.   Legal Standard

3      The Court may award terminating and monetary sanctions
4 pursuant to its inherent powers. Anheuser-Busch, Inc. v. Natural
5 Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995). Dismissal
6 is an available sanction in extraordinary circumstances. Valley
7 Engineers, Inc. v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th
8 Cir. 1998). In the Ninth Circuit, "extraordinary circumstances
9 exist where there is a pattern of disregard for Court orders and
10 deceptive litigation tactics that threaten to interfere with the
11 rightful decision of a case." Id.

12      In determining whether to dismiss an action, a district
13 court must weigh several factors: "(1) the public's interest in
14 expeditious resolution of litigation; (2) the court's need to
15 manage its dockets; (3) the risk of prejudice to the party
16 seeking sanctions; (4) the public policy favoring disposition of
17 cases on their merits; and (5) the availability of less drastic
18 sanctions." Leon v. IDX Sys. Corp., 464 F.3d 951, 958 (9th Cir.
19 2006) (quoting Anheuser-Busch, 69 F.3d at 348). For dismissal to
20 be proper, a district court need not make explicit findings
21 regarding each of these factors, but the conduct to be sanctioned
22 must be characterized by "willfulness, fault, or bad faith." Id.
23 (citations omitted).

24      Moreover, monetary sanctions under the Court's inherent
25 power require a finding of bad faith or conduct tantamount to bad
26 faith. Id. "A party demonstrates bad faith by delaying or
27 disrupting the litigation or hampering enforcement of a court
28 order." Id. (internal quotation marks and citation omitted).

B. <u>Evidentiary Objections</u>

As a preliminary matter, Plaintiff argues that Defendant's motion must be denied because Defendant did not attach its exhibits to a declaration and therefore, the motion is founded on a collection of improperly authenticated exhibits. Exhibits A-K to Defendant's Motion for Sanctions, Doc. #11. Defendant does not address this argument in its reply.

"To properly authenticate documents used to support a motion, a party must attach the documents as exhibits to an affidavit made by a person through whom the exhibits could be admitted into evidence at trial." <u>Laasko v. Xerox Corp.</u>, 566 F. Supp. 2d 1018, 1021 (C.D. Cal. 2008) (citing <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773-74 (9th Cir. 2002)). This requirement, however, is for documents authenticated through personal knowledge. See <u>Las Vegas Sands, LLC v. Nehme</u>, 632 F.3d 526, 532-33 (9th Cir. 2011). When documents are not authenticated through personal knowledge, "the district court must consider alternative means of authentication under Federal Rules of Evidence 901(b)(4)." <u>Id.</u> (citing <u>Orr</u>, 285 F.3d at 777-78). However, an exception to the authentication requirement is warranted in cases such as this one "where the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds." <u>Burch v. Regents of Univ. of California</u>, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006). Accordingly, the Court finds that it may consider all the exhibits for this motion.

4

C.  Discussion

    1.  Sanctions

Defendant seeks sanctions for the recording of the November 20th conversations, for committing perjury, for spoliation of evidence, and for improper errata sheets submitted by Plaintiff. Defendant argues that each incidence of Plaintiff's conduct warrants dismissal and/or monetary sanctions under the Court's inherent power.  In response, Plaintiff argues that Defendant has failed to demonstrate extraordinary circumstances required for terminating sanctions or bad faith required for monetary sanctions.

        (a)  Recording of the Conversations

Defendant contends that recording the November 20th conversations warrants sanctions because it violated California Penal Code Section 632 ("Section 632").  Plaintiff argues that recording the conversations was not illegal under Section 632 because the conversations occurred in public places and could be easily overheard.

Section 632 prohibits eavesdropping or intentionally recording a confidential communication without the consent of all parties to the communication.  Cal. Penal Code § 632.  "[A] conversation is confidential if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." Flanagan v. Flanagan, 27 Cal.4th 766, 768 (2002) (adopting the confidentiality test set out in Frio v. Superior Court, 203 Cal.App.3d 1480, 1488 (1988)).

In his declaration, Plaintiff states that the conversation with Mr. Dollarhide took place in the tire bay, an open and

1  public place where other employees were coming and going and they
2  could readily overhear what was said.  Declaration of Brandon
3  Chamberlain, Doc. #16, ("Chamberlain Dec.") at ¶ 14.  He also
4  states that the conversation with Mr. Miller occurred inside the
5  store, an open and public place.  Id.  Defendant has provided no
6  evidence to the contrary.  Because the conversations occurred in
7  public places with people around, the Court finds that neither
8  Mr. Dollarhide nor Mr. Miller had a reasonable expectation that
9  their conversations would not be overheard or recorded.  See
10 Davis v. Los Angeles W. Travelodge, No. CV 08-8279 CBM CTX, 2009
11 WL 4260406, at *2 (C.D. Cal. Oct. 8, 2009) (finding that there
12 was no reasonable expectation of privacy because the conversation
13 took place in a hotel lobby, a public place).
14      Plaintiff also testified that he made the recording to
15 inform his wife about the conversations.  Therefore, the Court
16 also finds that there is no evidence of extraordinary
17 circumstances or bad faith.  Accordingly, sanctions are not
18 appropriate for recording the November 20th conversations.
19              (b)   Perjury
20      Defendant contends that sanctions are also warranted because
21 Plaintiff committed perjury by lying about the notes he took and
22 lying about whether he recorded the November 20th conversation
23 with Mr. Dollarhide.  Plaintiff claims that he did not commit
24 perjury because he did not wilfully give false testimony.
25      Dismissal is an appropriate sanction for perjury because
26 committing perjury is tantamount to acting in bad faith.  Arnold
27 v. County of El Dorado, No. 2:10-CV-3119 KJM-GGH, 2012 WL
28 3276979, at *4 (E.D. Cal. Aug. 9, 2012) report and recommendation

adopted, No. 2:10-CV-3119 KJM-GGH (E.D. Cal. Sep. 27, 2012).  In the federal criminal context, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."  United States v. Dunnigan, 507 U.S. 87, 94 (1993) (summarizing the elements of 18 U.S.C. § 1621). Perjury should not be confused with inconsistencies in a party's deposition and trial testimony, which "provide fertile ground for vigorous impeachment but do not support perjury findings." Arnold, No. 2:10-CV-3119 KJM-GGH, 2012 WL 3276979, at *4 (quoting Montano v. City of Chicago, 535 F.3d 558, 564 (7th Cir. 2008)). For example, in Arnold, the district court, based on the magistrate judge's findings and recommendations, dismissed the plaintiff's complaint because the plaintiff continuously provided false testimony that she did not use her phone to video record inside the courthouse despite evidence to the contrary.  Id. at *11.  Because her entire action was based on the claim that she was arrested and her phone was confiscated even though she was not recording, dismissal was appropriate.  Id.

In this case, Plaintiff's testimony about his notes and transcript does not amount to perjury.  During his deposition, Plaintiff testified that the recording's transcript was the same document as the notes he took but he also testified that it was a separate document.  Compare Chamberlain Dep. 213:19-25 with Chamberlain Dep. 216:10-14.  Plaintiff now claims that they are the same document and it was created at his attorney's request. Chamberlain Dec. ¶ 11.  The Court finds that Plaintiff's testimony is at most inconsistent, and therefore, it does not

1  support a finding of perjury.
2      However, Plaintiff committed perjury when he testified on
3  whether he recorded the November 20th conversation with Mr.
4  Dollarhide.  On the first day of Plaintiff's deposition, he was
5  asked, "Did you do anything besides write notes?" in reference to
6  the November 20th conversation with Mr. Dollarhide.  He
7  responded, "No."  Chamberlain Dep. 111:25-112:1.  However,
8  Plaintiff not only took notes, but he also recorded the
9  conversation, which he admitted on the second day of his
10 deposition.  Id. at 207:7-21.  Plaintiff also acknowledged that
11 he lied during the first day of his deposition about whether he
12 recorded the conversation.  Id. at 209:16-210:3.  Plaintiff now
13 claims that he misunderstood the question the first day and that
14 he mistakenly assumed that the deposing attorney was correct when
15 the attorney asked him whether he had lied.  Id. at 224:19-225:1.
16 The Court does not find Plaintiff's explanation persuasive and
17 therefore finds that he gave false testimony.  Moreover,
18 Plaintiff's false testimony concerns a material matter because
19 without the recording, Defendant is unable to review Plaintiff's
20 conversation with Mr. Dollarhide to determine whether Plaintiff's
21 recollection of the conversation is accurate or taken out of
22 context.
23     Accordingly, the Court finds that Plaintiff has committed
24 perjury and therefore, sanctions are appropriate.[2]  The Court
25 does not find that terminating sanctions should be imposed
26 because of the public policy favoring disposition of cases on

---

[2] Despite Defendant's claims, there is no evidence that Plaintiff's counsel participated in the perjury.

8

their merits. Leon, 464 F.3d at 958. The Court also denies the attorney's fees requested by Defendant because (1)the deposition of Plaintiff is not entirely useless to Defendant; (2) Defendant has not achieved complete relief with respect to the instant motion; and (3) Defendant failed to provide detailed billing information as required by the local rules. See Local Rule 293. Instead, the Court imposes the following sanctions: Plaintiff is ordered to submit to a third day of deposition upon Defendant's request. Defendant may question Plaintiff on any issue related to this case, including but not limited to questions regarding Plaintiff's declaration attached to his opposition to this motion and any new evidence that has been produced. Plaintiff shall also bear Defendant's costs and attorney's fees for this deposition.

          (c)   Destruction of the Recording and Transcript

Defendant contends that monetary or dismissal sanctions are appropriate because Plaintiff failed to preserve the November 20th recording and the transcript of the recording. At the very least, Defendant believes a negative inference should be drawn with respect to the missing evidence. Plaintiff responds that the recording was accidently destroyed and no transcript has been spoiled.

A party's destruction of evidence qualifies as spoliation if the party has some notice that the evidence was potentially relevant to the litigation before it was destroyed. See United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). Upon finding that a party has spoiled or destroyed evidence, a court may sanction the party by imposing monetary

sanctions; instructing the jury to draw an adverse inference against the despoiling party; excluding testimony based on despoiled evidence proffered by the despoiling party; or, if willfulness is found, entering default judgment against the despoiling party. In re Napster, Inc. Copyright Litigation, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006). "[A] party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." Id. at 1066-67 (citations omitted). For example, monetary sanctions require a finding of bad faith, but a corrective adverse inference instruction does not. Leon, 464 F.3d at 961 (discussing monetary sanctions); Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) (discussing adverse inference).

    Here, the transcript of the recording was not spoiled because it was either provided to Defendant or not evidence. Plaintiff testified that the last time he saw the transcript was when he "wrote this stuff and sent it to his lawyer." Chamberlain Dep. 215:25-216:5. Plaintiff also testified that he believed the document was lost. Id. at 214:1-25. In his declaration, however, Plaintiff asserts that he was mistaken and the document he thought was lost was actually the record he was keeping of his job search. Chamberlain Dec. ¶ 17. The job search record was provided to Defendant during discovery, and therefore it was not spoiled. Id. at ¶ 17. Plaintiff also declares that the transcript he testified about is actually the written account of what happened to him, which Plaintiff made at his attorney's request and has now provided to Defendant. Id. at ¶¶ 12-13. As a result, at the time it was created, the document

was privileged information under attorney-client privilege and not evidence. Matter of Fischel, 557 F.2d 209, 211 (9th Cir. 1977) ("[Attorney-client privilege] also extends to those papers prepared by an attorney or at an attorney's request for the purpose of advising a client.") Accordingly, the Court finds that the transcript was not spoiled. Defendant, however, may use Plaintiff's notes as evidence in this action since Plaintiff has waived the privilege with respect to this document.

Contrastingly, the November 20th recording was spoiled. It is undisputed that Plaintiff's son accidently destroyed the November 20th recording. Plaintiff argues that the destruction of the recording is not spoliation because his conduct of not mentioning it to his attorney indicates that he did not regard the recording as evidence. However, Plaintiff had notice that it was potentially relevant to the litigation before it was destroyed because Plaintiff admitted that he used the recording to create a transcript, which he sent to his attorney to help prepare the complaint. Chamberlain Dep. 113:11-19; 204:8-11; 211:8-212:3. Because Plaintiff had notice, the destruction of the recording is spoliation.

Once the Court finds a party has spoiled or destroyed evidence, it must determine the appropriate sanction, if any. Napster, 462 F. Supp. 2d at 1066. As mentioned above, Plaintiff's son erased the recording along with many other things found in the MP3 player. Declaration of Sonia Chamberlain, Doc. #16, at ¶ 9. Therefore, in the absence of evidence to the contrary, the Court finds that the recording was destroyed accidently and the loss does not evidence bad faith. See Med.

Lab. Mgmt. Consultants, 306 F.3d 806, 824 (9th Cir. 2002) (affirming the district court's decision that the defendant's loss of medical slides was not evidence of bad faith because the doctor accidently misplaced the slides or they were stolen). However, because Plaintiff had notice that the recording was potentially relevant to the litigation, the Court finds that an adverse inference instruction is appropriate in this case. Accordingly, at the trial of this matter, the jury will be instructed as follows:

> The Court determined during pretrial proceedings that Plaintiff failed to preserve evidence relevant to the issues you have to decide in this case, and that Plaintiff carried out this spoliation of evidence at a time he knew he was obligated to preserve the evidence for Defendant's inspection. You may infer from this destruction that the evidence Plaintiff altered or failed to preserve would have been unfavorable to his position on the fact issues that you are being asked to decide in this case.

(d) Errata Sheets

Finally, Defendant argues that sanctions are warranted because Plaintiff submitted errata sheets that substantively changed Plaintiff's deposition without providing reasons for making those changes. Plaintiff argues that the errata sheets corrected confused and mistaken testimony.

As a procedural matter, Federal Rule of Civil Procedure Rule 30(e) ("FRCP 30(e)") permits deponents to review the transcript and make changes in form or substance if made within thirty days of being notified that the transcript is available and if accompanied by a statement of reasons explaining the changes. Fed. R. Civ. P. 30. Without a statement of reasons, a reviewing court cannot determine "whether the alterations have a legitimate

1  purpose." Hambleton Bros. Lumber Co. v. Balkin Enters., 397 F.3d
2  1217, 1225 (9th Cir. 2005). Although missing the thirty-day
3  deadline by a day or two is not enough to strike an errata sheet,
4  not providing an explanation for each change is. See Id. at
5  1224-26.
6     As a substantive matter, FRCP 30(e) permits corrections in
7  form or substance, but the changes should neither be
8  contradictory changes nor materially alter a deponent's
9  testimony. Id. at 1225. Substantive, contradictory changes to
10 issues of central importance to the case justify striking an
11 errata sheet and may be grounds for dismissal. Id.; Combs v.
12 Rockwell Int'l Corp., 927 F.2d 486, 488-89 (9th Cir. 1991)
13 (affirming dismissal because the party authorized his attorney to
14 falsely alter his deposition transcript on central substantive
15 issues in the litigation to avoid summary judgment).
16    In the present case, Plaintiff violated FRCP 30(e)'s
17 procedural and substantive requirements. Procedurally, the two
18 sets of errata sheets are not accompanied by a statement of
19 reasons explaining each change. Although Plaintiff provided a
20 letter generally explaining the changes made to the transcript of
21 the first day of deposition, the letter does not explain every
22 change. Plaintiff's counsel's letter, Exhibit G to Defendant's
23 Motion for Sanctions, Doc #11. Moreover, Plaintiff provided no
24 explanation for the changes made to the transcript of the second
25 day of deposition. Errata Sheets to the Transcript of the
26 Chamberlain Deposition Taken June 16, 2012, Exhibit J to
27 Defendant's Motion for Sanctions, Doc #11, at 1. Therefore,
28 Plaintiff failed to meet the procedural requirements of FRCP

13

1  30(e).

2   Substantively, most changes are not contradictory changes to
3  issues of central importance to the case.  The majority of the
4  changes relate to the transcript and notes, which attempt to
5  clarify the inconsistent testimony.  Errata Sheets to the
6  Transcript of the Chamberlain Deposition Taken June 26, 2012,
7  Exhibits I to Defendant's Motion for Sanctions, Doc #11, ("First
8  Set of Errata Sheets") at 1.  Two of the changes made pertained
9  to his conversation with a manager of a store in Utah on whether
10 the manager offered Plaintiff a job.  Id.  Although the changes
11 contradict his deposition answers, the changes are overall
12 consistent with the correction Plaintiff made later in the day
13 where he said that the offer was not official.  Chamberlain Dep.
14 74:24-77:7.  Consequently, the errata changes were unnecessary
15 but they were not central substantive changes in Plaintiff's
16 testimony.

17   The substantive changes of greatest concern to the Court are
18 those that delete Plaintiff's testimony that he was dishonest
19 with Mr. Dollarhide about the reasons he left Mr. Dollarhide's
20 store.  First Set of Errata Sheets at 1.  These changes are
21 substantive because they alter the conversation that Plaintiff
22 had with Defendant's employee, which is the basis of his
23 discrimination claim.  Further, because Plaintiff provided no
24 explanation for the changes, the Court cannot determine whether
25 the changes are legitimate.

26   Accordingly, the Court finds that sanctions are appropriate.
27 For the reasons mentioned above, the Court declines to exercise
28 its discretion to grant dismissal or monetary sanctions as

1  requested by Defendant.  The Court, however, sanctions Plaintiff
2  by striking both sets of errata sheets for failing to meet the
3  procedural and substantive requirements of FRCP 30(e).  Ready
4  Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir.
5  2010) ("[A] district court can use less drastic measures such as
6  striking documents from the docket to address litigation conduct
7  that does not warrant outright dismissal.")

      2.  Unclean Hands

9     Plaintiff argues that Defendant should be precluded from
10 seeking equitable relief on account of its unclean hands.
11 Plaintiff claims that the July 23 letter by Defendant's counsel,
12 threatened Plaintiff with both criminal and civil prosecution,
13 which would violate California Rules of Professional Conduct Rule
14 5-100.  CAL. RULES PROF. CONDUCT, RULE 5-100(A) ("A member shall not
15 threaten to present criminal, administrative, or disciplinary
16 charges to obtain an advantage in a civil dispute.")  After
17 reviewing the letter, the Court finds that it contains no threat;
18 it only mentions that Defendant believed that Plaintiff violated
19 the law and that Defendant planned to move for sanctions.  See
20 Defendant's counsel's letter, Exhibits H to Defendant's Motion
21 for Sanctions, Doc #11, at 1-2.  Accordingly, Defendant is not
22 precluded from seeking equitable relief.

### III. ORDER

25    For the foregoing reasons, Defendant's Motion for Sanctions
26 is GRANTED IN PART AND DENIED IN PART.  Plaintiff must, at
27 Defendant's request, submit to a third day of deposition bearing
28 all costs and attorneys' fees; the Court will give the jury an

adverse inference instruction at trial concerning Plaintiff's failure to preserve the recording of the November 20,2009 conversations; and Plaintiff's errata sheets are deemed inadmissible for all purposes in this case.

IT IS SO ORDERED.

Dated: November 30, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE